UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

JOHN and LISA HEINEMAN, )
)
    Plaintiffs, )
) Case No. 1:09-CV-181
v. )
) Chief Judge Curtis L. Collier
TERRA ENTERPRISES, LLC, *et al.*, )
)
    Defendants. )

# **CERTIFICATION ORDER**

This certification order is entered pursuant to Rule 23 of the Supreme Court of Tennessee. The Court held a status conference on Wednesday, February 23, 2011, and the parties expressed no objections to the Court entering this certification order. The style of the case is as follows: John and Lisa Heineman, Plaintiffs v. Terra Enterprises, LLC and Melinda Stokes, Defendants.

Plaintiffs John and Lisa Heineman (collectively, "Plaintiffs") brought this action in the Eastern District of Tennessee against Defendant Terra Enterprises, LLC and against Defendant Melinda Stokes, individually and as owner of S&S Stone. The Court hereby **CERTIFIES** the question of whether sandstone is a mineral, and therefore is a part of the mineral reservation in this case.[1]

## I.    BACKGROUND INFORMATION

###    A.    Relevant Facts

Plaintiffs have a property interest in approximately 225 acres of property designated as Map

---

[1] This case will be **STAYED** in this Court pending disposition of the matter before the Tennessee Supreme Court.

10, Parcel 004.10, and Map No. 005, Parcel No. 004.00 in Marion County, Tennessee.² Defendant Terra Enterprises, LLC ("Terra Enterprises") is the holder of the deed to the "minerals" located on or under the property. The mineral rights on the property belonging to Plaintiffs were severed from the surface estate in 1928 when Sewanee Fuel & Iron Company ("Sewanee") retained for itself the mineral rights, after it sold the remainder of the property to Lewis D. Johnson & Sons, Inc. The deed, which is recorded in Marion County Record of Deeds, Deed Book NNN, pages 28 to 52, states in pertinent part:

> The grantor, SEWANEE FUEL & IRON Company, reserves to itself, it successors and assigns, the coal, oil, gas and any and all other minerals of any nature whatsoever which may be upon or under the above described parcel of land, and the right to mine or otherwise remove the [same] without liability for any damage to the surface rights, and the grantor reserves unto itself, also full rights of ingress, egress, regress and all rights-of-way for railways, [], wagon roads, power and telephone lines and many and all other rights-of-way which may be [necessary] or convenient in mining, drilling or otherwise [recovering] any of the mineral interests in said land and transporting the same to market or to manufacturing or refining plants [where] any of said materials may be prepared for market, including pipe lines; and this reservation [of] rights-of-way is to be equally valid whether such rights-of-way are used in connection with the mineral interests in the above tract of land or in connection with mineral interests on other lands of the grantor, its successor and assigns.

(Court File No. 36-2 at 4).

Lewis D. Johnson & Sons, Inc. sold the remaining of the estate to Edward K. Pritchard in 1993, and the property continued to be sold until it was bought by Deitrich and Christa Neckien who sold the property to Plaintiffs (Court File No. 35). Specifically, Plaintiffs executed two separate land contracts in 2003 and 2004 for the purchase of the 225 acres of property.

Sewanee's mineral rights "on and under the property" were eventually purchased by Herman

---

²At the time Plaintiffs filed suit, they held equitable title in all 225 acres. As of January 19, 2011, however, Plaintiffs obtained sole legal interest in 71 acres of the property (Court File No. 48). Deitrich and Christa Neckien remain the legal title holders of the remainder of the property.

2

Baggenstoss, who on June 29, 1990, filed a claim of mineral interest in the Marion County Registar's Office (Court File Nos. 1, 29). After the death of Mr. Baggenstoss in 1992, taxes on the mineral interest were not paid (Court File No. 29). Marion County, Tennessee unsuccessfully tried to sell the mineral rights in a tax sale on March 17, 2006. As a result, the county remained as the listed purchaser of the property until the rights were purchased by Terra Enterprises in 2007 (Court File No. 1).

In March 2008, Defendant Melinda Stokes, as owner and operator S&S Stone, entered into a mineral lease with Terra Enterprises, as the mineral rights holder, to mine sandstone from the property belonging to Plaintiffs (Court File No. 29-2, Affidavit of Melinda Stokes; Court File No. 36-4, Lease Agreement). S&S Stone followed old single track roads, and created a new road to access the stone (Court File No. 29). According to Defendants, S&S Stone employees were "careful to minimize disturbance to the surface [of the property] and existing mature trees consistent with the mining industry and the Defendant's practices" (*id.*).

On or about July 18, 2008, Plaintiffs discovered damage to their property. According to Plaintiff's, Defendants cut a dirt road into the property, destroyed and severely damaged several acres of trees, and improperly removed stone from the property (Court File No. 36-1). On July 21, 2008, the owner of Defendant Terra Enterprises sent a letter to Plaintiffs informing them of his intention to remove stone from the Plaintiffs' property (Court File No. 36). On August 21, 2008, Plaintiffs sent a letter to Defendants asking them to cease and desist their actions on Plaintiffs' property (*id.*). A few weeks later, S&S Stone removed its equipment from the land.

    **B.**    **Procedural Background**

On July 2, 2009, Plaintiffs filed suit in this Court against Defendants (Court File No. 1).

Plaintiffs assert six causes of action. Count One ("quiet title") alleges Defendants "interfered with Plaintiffs' right to their property by destroying a portion of the surface of the land to which Plaintiffs hold equitable title" (*id.* at 7). Plaintiffs urge they "are entitled to a declaratory judgment quieting title to their property by interpreting the scope of the mineral rights held by Defendant [Terra Enterprises] under Tennessee law such that 'minerals' do not include sandstone and other rocks on or near the surface of Plaintiffs' property," and in the alternative, "by interpreting the scope of [Terra Enterprise's] right to remove any minerals to exclude such methods as would destroy the surface rights of the Plaintiffs" (*id.* at 7-8; *see also* Court File No. 36). Count Two asserts a cause of action for trespass. Plaintiffs allege Defendants "intentionally entered onto Plaintiffs' land for multiple months without Plaintiffs' knowledge and without Plaintiffs' actual or implied consent" (Court File No. 1 at 8). Plaintiffs assert Defendants are liable for the loss of use of Plaintiffs' property, loss of rental value and diminution in value. Count Three states Defendants' removal of sandstone from Plaintiffs' property constituted an illegal removal of Plaintiffs' property and asserts a cause of action for conversion.

Count Four ("nuisance") alleges Defendant Terra Enterprises "has used its property, the mineral rights it owns, in such a manner as to interfere with the use and enjoyment of Plaintiffs' surface rights, and has, therefore, created and maintained a nuisance." Specifically, Plaintiffs contend that by Defendants removing rock from Plaintiffs' land, they damaged and destroyed a large part of Plaintiffs' land. Count Five states a claim for negligence and negligence per se. Plaintiffs argue Defendants breached their duty of care owed to Plaintiffs by entering upon Plaintiffs' land without permission and by destroying the property. Plaintiffs also allege Defendants violated the Tennessee Water Pollution Control Act, and violations of such Act constitute negligence per se.

4

Finally, Count Six states a claim for gross negligence, and Plaintiffs contend they are entitled to punitive damages.

As a result, both Plaintiffs and Defendants filed motions for summary judgment on all claims asserted by Plaintiffs (Court File Nos. 28, 34). Whether or not the Court grants summary judgment in favor of Plaintiffs or Defendants, with respect to Counts One through Three of Plaintiff's complaint, depends on the issue of whether sandstone is a mineral under Tennessee law.

**II.      SANDSTONE AS A MINERAL**

This "case involves the construction of a written agreement"; therefore, the "analysis [begins] with a review of basic rules of contract interpretation." *Riverside Surgery Center, LLC v. Methodist Health Sys., Inc.*, 182 S.W.3d 805, 811 (Tenn. Ct. App. 2005). Under Tennessee law, "the overriding purpose of the Court in interpreting [a] contract [or deed] is to ascertain the intention of the parties and to give effect to that intention, consistent with legal principles." *Hamblen County v. City of Morristown*, 656 S.W.2d 331, 334 (Tenn. 1983); *see also Doochin v. Rackley*, 610 S.W.2d 715, 718 (Tenn. 1981) ("In analyzing deeds of conveyance the traditional common law rule, of course, is to ascertain the intent of the contracting parties in light of circumstances existing at the time"). "If the [written instrument] is plain and unambiguous, the meaning thereof is a question of law, and it is the Court's function to interpret the contract as written according to its plain terms." *Bradson Mercantile, Inc. v. Crabtree*, 1 S.W. 3d 648, 652 (Tenn. Ct. App. 1999). In other words, the Court should first look to the "four corners of the [deed]" to determine if the language is ambiguous. *Riverside Surgery Center, LLC*, 182 S.W. 3d at 811. Where it is not, "it is the duty of the Court to apply the words used in their ordinary meaning." *Taylor v. White Stores, Inc.*, 707

5

S.W.2d 514, 516 (Tenn. App. 1985). Nonetheless, the Court may consider the circumstances surrounding the parties at the time the instrument was written in order to aid the Court in determining the meaning of the deed. *Hamblen County*, 656 S.W.2d at 334.

Here, the deed plainly states, and the parties do not dispute, "the grantor, SEWANEE FUEL & IRON Company, reserves to itself, it successors and assigns, the coal, oil, gas and any and all other minerals of any nature whatsoever which may be upon or under the above described parcel of land, and the right to mine or otherwise remove the [same] without liability for any damage to the surface rights . . ." (Court File No. 36-2). Thus, it is clear that this case does not involve the interpretation of ambiguous language. Rather, this case involves a dispute over whether sandstone falls within the meaning of the word "mineral" and whether Defendants acted beyond the scope of the deed.

Plaintiffs, of course, argue sandstone is not a mineral (Court File No. 36). Plaintiffs primarily rely on the deposition of Dr. Donald W. Byerly, who states, "while a rock may be composed of many things, including minerals, a rock is not a mineral" (Court File No. 36 at 6). In opposition, Defendants offer the opinion of Timothy J. Young, a geologist, who states language in the deed "was intended to allow Sewanee to retain any and everything except the surface" (Court File No. 29-2). Defendants also rely on the technical definition of "minerals," citing dictionaries such as Black's Law Dictionary and certain Tennessee statutes, for example, to support their argument that sandstone is a mineral (Court File No. 29).

Nonetheless, "unless there is some reason to believe that the grantor and grantee relied upon a 'super-technical,' scientific definition, such a definition is not dispositive or even terribly relevant." *State v. Lahiere-Hill, L.L.C.*, 278 S.W.3d 745, 752 (Tenn. Ct. App. 2008). Indeed, some courts have

6

found sandstone is not a mineral, "if the term 'mineral' is to be considered only from the scientific standpoint." *Cumberland Mineral Co. v. United States*, 206 Ct. Cl. 797, 513 F.2d 1399, 1401 (Ct. Cl. 1975).[3]

In *State v. Lahiere-Hill, L.L.C.*, 278 S.W.3d 745 (Tenn. Ct. App. 2008), the Tennessee Court of Appeals dealt with a matter involving the mining of sandstone as it related to a mineral estate. However, that court did not need to reach the issue of whether sandstone is a mineral because it remanded the case on the grounds there was a general issue of material fact as to whether the method of sandstone extraction at issue in fell within the scope of the deed's mineral reservation. *Id.* at 752.

It is clear the determination must be made in light of the deed that was written together with the circumstances surrounding it at the time it was entered into. *N. Pac. Ry. Co. v. Soderberg*, 188 U.S. 526, 530 (1903). Here, because of the nature of the suit and because the grant or denial of summary judgment centers on an unresolved Tennessee law issue, this Court finds certification would be appropriate.

Accordingly, pursuant to Rule 23, Rules of the Supreme Court of Tennessee, this Court hereby **CERTIFIES** to the Tennessee Supreme Court the following issue:

Whether the sandstone is a mineral, and therefore is part of the mineral reservation

---

[3]Few Courts have addressed the issue of whether sandstone is a mineral. *See Hart v. Craig*, 352 Mont. 209, 211 (Mont. 2009) (affirming summary judgment, the court stated, "considering the established facts of this case, the sandstone is not a mineral included in the general reservation at issue"); *Cumberland Mineral Co.*, 513 F.2d at 1401; *but see Kalberer v. Grassham*, 138 S.W.2d 940, 944 (Ky. App. 1940) (explaining that "the language used in the conveyance, viewed in light of the circumstances surrounding the parties, [impelled the court] to the conclusion that the [sandstone] quarry in question was included in the conveyance as a mineral"); *In re Forestry Reservation Commission*, 28 Pa. C.C. 145, 1903 WL 2604, at *1 ("Sandstone constitutes a mineral within the meaning of the act establishing the department of forestry").

as outlined by the 1928 deed?

This certifying Court designates Plaintiffs Lisa and John Heineman as the moving parties. Counsel of record for the Plaintiffs is Attorney Rebecca Vernetti, Vernetti Law Group, 1468 William Holt Blvd, Sevierville, TN 37862, telephone number (865) 850-3452. Counsel of record for Defendant Terra Enterprises, LLC is John H. Cameron, P.O. Box 759, Jasper, TN 37347, telephone number (423) 942-9975. Counsel of record for Defendant Melinda Stokes in Elizabeth Greer Adams, P.O. Box 758, 188 Cherry Street, Dunlap, TN 37327, telephone number (423) 949-3621.

Accordingly, it is hereby **ORDERED** that the question of law be certified to the Tennessee Supreme Court. This certification order shall be filed and served pursuant to Rule 23 of the Rules of the Supreme Court of Tennessee. The parties are directed to follow the briefing schedule delineated by that Rule.

**SO ORDERED.**

**ENTER:**

/s/ Curtis L. Collier
**CURTIS L. COLLIER**
**CHIEF UNITED STATES DISTRICT JUDGE**