UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

JOHN and LISA HEINEMAN, )
)
    Plaintiffs, )
) No. 1:09-CV-181
v. ) Chief Judge Curtis L. Collier
)
TERRA ENTERPRISES, LLC, *et al.*, )
)
    Defendants. )

## MEMORANDUM

Before the Court is Defendants' Terra Enterprises, LLC and Melinda Stokes (collectively, "Defendants") joint motion for relief from the Court's Order entered September 22, 2011 ("September 22 Order"), and in the alternative, petition to certify this matter for interlocutory appeal (Court File No. 60). Plaintiffs John and Lisa Heineman (collectively, "Plaintiffs") filed a response in opposition to Defendants' motion (Court File No. 61). For the following reasons, the Court will **DENY** Defendants' joint motion for relief from the Court's September 22 Order, and in the alternative, petition to certify this matter for interlocutory appeal (Court File No. 60).

### I. RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

On July 2, 2009, Plaintiffs filed a complaint asserting six causes of actions against Defendants (Court File No. 1). In Count One, Plaintiffs averred Defendants "interfered with Plaintiffs' right to their property by destroying a portion of the surface of the land to which Plaintiffs [held] equitable title" (*id.* at 7). Plaintiffs asserted they were "entitled to a declaratory judgment quieting title to their property by interpreting the scope of the mineral rights held by Defendant [Terra Enterprises] under Tennessee law such that 'minerals' do not include sandstone and other

rocks on or near the surface of Plaintiffs' property," and in the alternative, "by interpreting the scope of [Terra Enterprise's] right to remove any minerals to exclude such methods as would destroy the surface rights of the Plaintiffs" (*id.* at 7-8; *see also* Court File No. 36). Count Two asserted a cause of action for trespass. Plaintiffs alleged Defendants "intentionally entered onto Plaintiffs' land for multiple months without Plaintiffs' knowledge and without Plaintiffs' actual or implied consent" (Court File No. 1 at 8). Plaintiffs asserted Defendants were liable for the loss of use of Plaintiffs' property, loss of rental value, and diminution in value. Count Three asserted a cause of action for conversion. Plaintiffs claimed Defendants' removal of sandstone from Plaintiffs' property constituted an illegal removal of Plaintiffs' property.

Count Four alleged Defendant Terra Enterprises "ha[d] used its property, the mineral rights it owns, in such a manner as to interfere with the use and enjoyment of Plaintiffs' surface rights, and has, therefore, created and maintained a nuisance." Specifically, Plaintiffs contended Defendants' removal of rock damaged and destroyed a large part of Plaintiffs' land. Count Five stated a claim for negligence and negligence per se. Plaintiffs argued Defendants breached their duty of care owed to Plaintiffs by entering upon Plaintiffs' land without permission and by destroying the property. Plaintiffs also alleged Defendants violated the Tennessee Water Pollution Control Act, and violations of such Act constitute negligence per se. Finally, Count Six stated a claim for gross negligence, and Plaintiffs contended they were entitled to punitive damages. On September 30, 2009, Defendant Terra Enterprises filed a counterclaim against Plaintiffs for inducement of the breach of an enforceable contract and interference with a prospective economic advantage (Court File No. 2).

The parties filed several dispositive motions before this Court, which were largely addressed
2

in the Court's Order issued on September 22, 2011. In the September 22 Order, the Court denied Defendants' motion for summary judgment and motion for leave to amend (Court File No. 58). The Court also denied as moot Defendant Stokes' motion to dismiss to the extent Plaintiffs were legal owners of seventy-one acres of the disputed land. Finally, the Court granted in part and denied in part Plaintiffs' motion for summary judgment. Ultimately the Court's rulings left Counts Four, Five, and Six, as well as the damages for Counts Two and Three, for adjudication at trial.

On October 3, 2011, Defendants filed a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59 (Court File No. 60). Alternatively, Defendants move for this Court to certify its September 22 Order for interlocutory appeal under 28 U.S.C. § 1292(b). The Court will address each of these issues in turn.

## II.    RULE 59

Pursuant to Rule 59(e) of the Federal Rules of Civil Procedure, a district court may alter or amend a judgment if there has been "(1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice." *Leisure Caviar, LLC v. U.S. Fish & Wildlife Serv.*, 616 F.3d 612, 615 (6th Cir. 2010) (quoting *Intera Corp. v. Henderson*, 428 F.3d 605, 620 (6th Cir. 2005)); *Abnet v. Unifab Corp.*, No. 06-2010, 2009 WL 232998, at *3 (6th Cir. Feb. 3, 2009). A motion brought under Rule 59(e) to alter or amend a judgment "is not an opportunity to re-argue a case." *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998). "[P]arties should not use them to raise arguments which could, and should, have been made before judgment issued." *Id.* Further, "newly discovered evidence" must not have been previously available. *GenCorp, Inc. v. Am. Int'l Underwriters*, 178

3

F.3d 804, 834 (6th Cir. 1999).

Defendants have failed to demonstrate why the Court should alter or amend its judgment that, *inter alia*, denied Defendants' motion for summary judgment (Court File No. 28) and motion for leave to amend (Court File No. 56), and granted Plaintiffs' motion to dismiss Defendant Terra Enterprises' counterclaim (Court File No. 34). The Court construes one of Defendants' arguments to be that the Court committed clear error of law when it concluded sandstone was not a mineral. Defendant claims the Court relied heavily upon dictionary definitions, which Defendant asserts is contrary to Tennessee case law and the Tennessee Supreme Court's order dismissing this Court's Rule 23 certified question of law (Court File No. 60). Moreover, Defendants claim the Court improperly denied their motion to amend, which would have entered into evidence "clear and unequivocal" proof of the grantor's intent and the surrounding circumstances (*id.*).

This Court filed a certification order with the Tennessee Supreme Court on March 14, 2011, with regard to the following question: "Whether the sandstone is a mineral, and therefore is part of the mineral reservation as outlined by the 1928 deed?" The Tennessee Supreme Court declined to answer this certified question because it concluded this was a mixed question of law and fact. However, the court did provide the following guidance:

> Each case involving the interpretation of a contract or deed that grants or reserves mineral rights "must be decided upon the language of the grant or reservation, the surrounding circumstances and the intention of the grantor, if it can be ascertained. The adoption of arbitrary definitions in reference to mineral substances buried in the earth is not permissible." *Campbell v. Tenn. Coal, Iron & R.R. Co.*, 265 S.W. 674, 677 (Tenn. 1924). Because the term "mineral" is ambiguous, this Court has held that each case requiring its construction "must be determined upon its peculiar facts, giving due consideration to the intention of the parties." *Id.* at 678; *see also State v. Lahiere-Hill, L.L.C.*, 278 S.W.3d 745, 749-52 (Tenn. Ct. App. 2008).

(Court File No. 55). Taking the Tennessee Supreme Court's guidance into account, this Court began

4

its analysis by looking at the language of the deed. The deed states in pertinent part, "the grantor, SEWANEE FUEL & IRON Company, reserves to itself, its successors and assigns, the coal, oil, gas and any and all other minerals of any nature whatsoever which may be upon or under the above described parcel of land, and the right to mine or otherwise remove the [same] without liability for any damage to the surface rights . . . ." (Court File No. 36-2). This Court found the language used in the deed to make the conveyance plain and unambiguous. However, because the parties disputed the meaning of the term "minerals" used in the grant-- and there was no direct evidence in the record of the parties' intent, including the intent of the grantor--the Court proceeded to ascertain the parties' intent by considering (1) the dictionary meanings of the terms "mineral," "sandstone," and "rock"; (2) the meaning of the terms in light of the deed as a whole; and (3) the effect each party's interpretation would have on the actual conveyance. *See, e.g., Baird v. S. Ry. Co.*, 166 S.W.2d 617, 618 (Tenn. 1942) (stating a court should consider a deed as a whole and give meaning to each word used)*; Campbell*, 256 S.W. at 676 (noting its decision holding limestone was not a "mineral" was not based on the term's technical definition but rather, "if the reservation [was] construed to include limestone, it [would destroy] the conveyance, for by quarrying the limestone the entire surface would be made way with"); *Lahiere-Hill, LLC*, 278 S.W.3d at 753 ("Given the lack of direct evidence of the original parties' intent, we think the court was right to focus on whether 'the popular understanding of "mineral" includes sandstone' . . . rather than basing its judgment on super-scientific definitions."). Thus, far from committing clear error, this Court properly applied relevant Tennessee case law and took into account the dictionary definitions, among other considerations, to interpret the deed in this case. Ultimately, this Court concluded sandstone was not a mineral and, therefore, not a part of the mineral reservation in the 1928 deed.

5

Defendants claim the Court should not have denied their motion for leave to amend because they had evidence that would have gone to the grantor's intent and the circumstances surrounding the deed. On July 28, 2011, Defendants filed a "Joint Motion for Leave to Amend Motion for Summary Judgment" (Court File No. 56) well after the revised December 21, 2010 dispositive motions deadline and the related motions hearing. They claimed they had found a resolution from a Sewanee Fuel and Iron Director's Meeting held on January 26, 1928, "confirming and approving the conveyance of timber and the surface, a portion of which includes the Plaintiffs['] property" (*id.*). The Court considered Defendants' submission, but denied Defendants' motion on the grounds that this additional information was unlikely to change the Court's analysis. As noted earlier, the deed plainly lays out the conveyance. To the extent there was any dispute about the conveyance, that dispute revolved around whether "sandstone was [ ] part of the conveyance as a mineral," not whether "the grantor intended to convey the timber and the surface" (Court File No. 61). Defendants did not assert in their motion this latter issue would be addressed by the meeting minutes. Accordingly, the Court chose to exercise its discretion to deny Defendants' motion.

Defendants rely greatly on the analytical framework provided in *Campbell*, yet they overlook the fact the Tennessee Supreme Court ultimately concluded in *Campbell* that "limestone"--the rock at issue in that case--was not a mineral for purposes of interpreting the parties' 1921 deed. *Campbell*, 265 S.W. at 677. The 1921 deed in *Campbell* was similar in pertinent part to the deed at issue here, "[r]eserving from said sale all mines or minerals contained or imbedded in or on said tract." *Id.* at 674. As noted by Plaintiffs, one would hope that, in light of *Campbell* decided just seven years before the deed at issue here, the drafters would have been sure to explicitly list sandstone as part of the mineral reservation had that been their intention (Court File No. 61).

6

Finally, Defendants have failed to present any other grounds upon which this Court should alter or amend its judgment. The arguments being asserted by Defendants are the same in substance as the arguments raised previously, which this Court considered and ultimately rejected. Defendants have not presented any new evidence nor has the controlling law on this issue changed since the Court's September 22 Order. Moreover, Defendants have not demonstrated how a manifest injustice has been committed. On the contrary, the Court has an interest in "bringing litigation to an end" when it can properly do so on some or all issues without going to trial. *See Gencorp, Inc.*, 178 F.3d at 834. Thus, Defendants' request to alter or amend the judgment pursuant to Fed. R. Civ. P. 59 is **DENIED**.

## III. INTERLOCUTORY APPEAL

Defendants alternatively seek certification from this Court for an interlocutory appeal. From the outset, this Court notes interlocutory appeals in the federal system are largely disfavored. *Firestone Tire & Rubber Co. v. Risjord*, 449 U.S. 368 (1981); *Sinclair v. Schriber*, 834 F.2d 103, 105 (6th Cir. 1987). "Attractive as it may be to refer difficult matters to a higher court for advance decision, such a course of action is contrary to our system of jurisprudence." *Trollinger v. Tyson Foods, Inc.*, No. 4:02-CV-23, 2006 WL 2868980, at *3 (E.D. Tenn. Sept. 29, 2006) (citing *Gen. Acquisition, Inc. v. GenCorp, Inc.*, 23 F.3d 1022, 1026 (6th Cir. 1994)). "Routine resort to § 1292(b) requests would hardly comport with Congress' design to reserve interlocutory review for 'exceptional' cases while generally retaining for the federal courts a firm final judgment rule." *Caterpillar v. Lewis*, 519 U.S. 61, 74 (1996). Thus, exceptions to the final judgment rule, embodied in 28 U.S.C. § 1291, exist, but typically require extraordinary circumstances. *W. Tenn. Chapter of*

*Assoc. Builders & Contractors, Inc. v. City of Memphis (In re City of Memphis)*, 293 F.3d 345, 350 (6th Cir. 2002). To establish that relief should be granted under 28 U.S.C. § 1292(b), a district court must consider whether: (1) there is a question of law, (2) that question is "controlling," (3) there is a "substantial ground for difference of opinion," and (4) the appeal would "materially advance the ultimate termination of the litigation." *Vitols v. Citizens Banking Co.*, 984 F.2d 168, 170 (6th Cir. 1993).

Here, no extraordinary circumstances exist to warrant an interlocutory appeal. Defendants seek certification under § 1292(b) of this Court's September 22 Order. However, the primary issue, which was a threshold matter in this Court's rulings on the parties' motions for summary judgment, is "whether the sandstone is a mineral and therefore part of the mineral reservation as outlined by the 1928 deed?" The Court raised this issue before the Tennessee Supreme Court as a Rule 23 Certified Question of Law, and the Tennessee Supreme Court declined to answer on the grounds that it "is not purely a question of law, but rather requires the Court to ascertain facts" (Court File No. 55). Under this view, there is no "question of law" and the first criterion would not be met.

If the Court assumed there was a question of law, however, it is not in dispute that the question would be "controlling." A "controlling" question of law is one that must "materially affect the outcome of the case." *In re City of Memphis*, 293 F.3d 345, 351 (6th Cir. 2002). Here, determining whether sandstone is a mineral is a threshold matter in assessing the extent of the mineral reservation of the 1928 deed. The Court's decision on Counts One, Two, and Three, in particular, were based largely upon the Court's conclusion sandstone was not a mineral and, therefore, not part of the mineral reservation.

Nonetheless, this Court declines to exercise its discretion to grant an interlocutory appeal in

light of the remaining criteria. To determine whether a "substantial ground for difference of opinion" exists, a court can consider whether "(1) the issue is difficult and of first impression; (2) a difference of opinion exists within the controlling circuit; or (3) the circuits are split on the issue." *W. Tenn. Chapter of Assoc. Builders & Contractors, Inc. v. City of Memphis*, 138 F. Supp. 2d 1015, 1019 (W.D. Tenn. 2000) (internal citations omitted). However, that an issue is one of first impression is not always sufficient to demonstrate substantial grounds for difference of opinion exist. *See United States v. Atlas Lederer Co.*, 174 F. Supp. 2d 666, 669 (S.D. Ohio 2001) (citing *In Re Flor*, 79 F.3d 281, 284 (2d Cir. 1996) (noting that "the mere presence of a disputed issue that is a question of first impression, standing alone, is insufficient to demonstrate a substantial ground for difference of opinion")). Instead, the court should weigh the "strength of the arguments in opposition to the challenged ruling[.]" *Id.*

The question of whether sandstone is a mineral is an issue of first impression in the Sixth Circuit. However, the lack of precedent in this area is not a reflection of the complexity of the issue. Rather, it reflects the fact that "whether sandstone is a mineral" is an obscure question of state law that the Tennessee Supreme Court has so far chosen to not answer definitively. In fact, as noted previously, the Tennessee Supreme Court has treated the issue raised in this case as a question of mixed fact and law, which it need not rule upon. This Court concluded sandstone was not a mineral after considering several different factors gleaned from Tennessee case law. Although Defendants contest this Court's ruling, they have failed to present arguments that would strongly suggest the Court should have ruled differently. Thus, the third criterion has not been met.

Finally, certifying the September 22 Order for interlocutory appeal would not "materially advance" the termination of this case. In making this determination, a court may look at whether

certifying an issue for appeal would help the parties avoid "exceptionally expensive and protracted litigation." *Lang v. Crocker Park, LLC*, No. 1:09-CV-1412, 2011 WL 3297865, at *5 (N.D. Ohio July 29, 2011) (citing *Paschall v. Kansas City Star Co.*, 605 F.3d 403, 406 (8th Cir. 1979)). Such a decision may ultimately turn on pragmatic concerns, particularly the "procedural and substantive status of the case with respect to the progress or completion of discovery, the disposition of pretrial motions, the extent of the parties' preparation for trial, and the nature and scope of the requested relief." *Fed. Deposit Ins. Corp. v. First Nat'l Bank of Waukesha, Wis.*, 604 F. Supp. 616, 620 (E.D. Wisc. 1985). Here, no extraordinary circumstances necessitate certifying this matter for interlocutory appeal at this stage of litigation. To date, the parties have completed discovery, the court has ruled on the parties' dispositive motions, and the case is set to proceed to trial in a few months. Allowing for an interlocutory appeal in this case would do nothing more than create piecemeal litigation and cause undue delay, which is greatly discouraged under § 1292(b). *See Firestone Tire & Rubber Co.*, 449 U.S. at 374.

Because Defendants have not satisfied the criteria for certification under § 1292(b), their request will be **DENIED**.

IV.     **CONCLUSION**

Accordingly, this Court **DENIES** Defendants' joint motion for relief from the Court's September 22 Order, and in the alternative, petition to certify this matter for interlocutory appeal (Court File No. 60).

An Order shall enter.

/s/
**CURTIS L. COLLIER**

10

**CHIEF UNITED STATES DISTRICT JUDGE**